**WO**                          NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taniela F Kivalu,<br><br>        Plaintiff,<br><br>v.<br><br>Unknown Parties,<br><br>        Defendant. | No. CV-16-02871-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Taniela F. Kivalu's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that the Complaint fails to state the grounds for the Court's subject matter jurisdiction. The Court therefore dismisses the Complaint with prejudice.

**I.  LEGAL STANDARDS**

    **A.  28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Plaintiff's Complaint lacks any statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a)—other than that it is based upon the diversity of citizenship of the parties. (Compl. at 1.) However, from the face of the Complaint, the Court does not have diversity jurisdiction over Plaintiff's claims because the parties are not citizens of different states. *See* 28 U.S.C. § 1332. Plaintiff is a resident of Phoenix, Arizona. (Compl. at 1.) While Defendant's precise identity is unknown, Plaintiff alleges that the vehicle at issue is registered to an address located in Phoenix, Arizona. (Compl. at 2.) This defect alone is cause for the Court to dismiss the Complaint. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005).

1   Without its erroneous statement regarding diversity jurisdiction, Plaintiff's
2   Complaint raises only a state law tort-based claim (negligence), if any claim at all, and not
3   one arising under federal law. Because Plaintiff's allegations are not sufficient for the
4   Court to conclude it has subject matter jurisdiction in this case, the Court must dismiss the
5   Complaint. Plaintiff may be able to bring his claims in state court.

**B.   No Leave to Amend**

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. Here, while Plaintiff may be able to state a claim under state law and in state court, it does not appear that Plaintiff's attempt to allege diversity jurisdiction can be cured by amendment.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed without leave to amend.

**IT IS FURTHER ORDERED** that the Clerk shall close this case.

Dated this 9th day of September, 2016.

Honorable John J. Tuchi
United States District Judge